UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACK LEAL, | ) |
|         Plaintiff, | ) Case No.: 2:21-cv-01965-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
|         Defendants. | ) |

Pending before the Court are Plaintiff Jack Leal's Motions for Preliminary Injunction, (ECF No. 2), and Temporary Restraining Order, (ECF No. 3). Defendants Charles Daniels, William Hutchings, Jerry Howell, Romeo Aranas, Ben Gutierrez, Bob Faulkner, Scott Mattinson, T. Augustine, H. Landsman, S. Omandac, S. Clark, T. Calumpong, and M. Naughton (collectively, "Defendants"), filed a Response, (ECF No. 14), and Plaintiff filed a Reply, (ECF No. 22).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction and **DENIES as moot** Plaintiff's Motion for Temporary Restraining Order.

**I.     BACKGROUND**

This case arises from Defendants' alleged failure to provide medical treatment to Plaintiff while incarcerated with the Nevada Department of Corrections ("NDOC"). (*See generally* Mot. Prelim. Inj., ECF No. 2). Plaintiff contends that he sustained an unknown injury in 2018 that has yet to be diagnosed. (*Id.* at 2 of 13). Plaintiff argues that without a diagnosis, he cannot be properly treated for his condition, which causes him constant pain. (*Id.*); (Reply 6:4–10, ECF No. 22). Plaintiff reports that he is completely unable to walk at times, cannot sit or stand properly, and has only been given Ibuprofen to treat the injury. (Mot. Prelim. Inj. at 3

of 13). Plaintiff alleges that a doctor recommended an MRI to rule out diagnoses such as lumbar spine, radiculopathy, and lower bunk restrictions, but the NDOC's Utilization Review Committee ("URC") denied his request for an MRI. (Mot. Prelim Inj. at 5 of 13); (Grandos Decl. ¶ 13, Ex. D to Resp.).

According to medical records, Plaintiff has been evaluated by numerous physicians and received multiple X-ray exams over the past three years, but he has still not received a diagnosis. (Grandos Decl. ¶¶ 7–29, Ex. D to Resp., ECF No. 14-5). Defendants explain that the URC denied Plaintiff's request for an MRI because his X-rays were normal, he can lift his leg normally, and he is believed to be malingering. (*Id.* ¶ 14–15). Medical records also consistently note that Plaintiff's treating physicians believe he is malingering because Plaintiff repeatedly refuses treatment and all evaluations return normal results. (*Id.* ¶¶ 14, 17–20, 26–27).

Plaintiff filed the present case under 42 U.S.C. § 1983 and alleges deliberate indifference to a serious medical need in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (*See* Compl., ECF No. 1); (First Am. Compl., ECF No. 9). Plaintiff's Motion for Preliminary Injunction requests that the Court: (1) require Defendant to immediately arrange for an examination and a plan of treatment by a qualified specialist and to schedule an MRI to diagnose Plaintiff's condition; and (2) require Defendant carry out any future plan of treatment. (Mot. Prelim. Inj. at 10–11 of 13).

**II.    LEGAL STANDARD**

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council,* 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter,* 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel,* 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State*

*Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

### III. DISCUSSION

In the present case, Plaintiff seeks injunctive relief requiring Defendants to schedule an appointment with a specialist and to schedule an MRI so that Plaintiff's injury can be diagnosed and properly treated. (Mot. Prelim. Inj. at 10–11 of 13). Defendants argue that Plaintiff's Motion should be denied for two reasons: (1) Plaintiff failed to exhaust administrative remedies under the PLRA; and (2) Plaintiff cannot demonstrate a likelihood on the success of the merits of his deliberate indifference claim because his ambiguous injury has been continuously treated, and Plaintiff is likely malingering. (Resp. 1:26–2:12, ECF No. 14). The Court will address each argument in turn.

#### A. Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement in prisoner cases is mandatory. *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). Further, the PLRA requires "proper exhaustion" of administrative remedies. *Id.* at 93. Proper exhaustion "means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issues." *Griffin v. Arpaio,* 557 F.3d 1117, 1119–20 (9th Cir. 2009).

NDOC Administrative Regulation ("AR") 740, governs the administrative remedies available to prisoners through the "Inmate Grievance Procedure." (AR 740, Ex. A to Resp., ECF No. 14-2). In order for a plaintiff to exhaust available remedies, AR 740 first requires the inmate to discuss the issue with a caseworker prior to initiating the grievance process. (AR 740.04, Ex. A to Resp.). A plaintiff must then file, in order: (1) an Informal Grievance; (2) a

First Level Grievance appealing the Informal Grievance decision to the warden; and (3) a Second Level Grievance, which is decided by the Assistant Director of Operations. (AR 740.05–.07, Ex. A to Resp.). "In the event an inmate's claim is deemed inappropriate for review or not within the intended scope of this Regulation, the inmate may appeal that decision only to the next procedural level of review." (AR 740.03(5), Ex. A to Resp.). "An inmate who is dissatisfied with the response to a grievance at any level may appeal the grievance to the next level" within five days after the return of a decision. (AR 740.03(6), Ex. A to Resp.).

In the present case, Defendants provide records of Plaintiff's grievance history. (*See* Grievance History, Ex. B to Resp., ECF No. 14-3); (Grievance History, Ex. C to Resp., ECF No. 14-4). Defendants claim that Plaintiff failed to exhaust his administrative remedies because he never appealed the denial of an Informal Grievance concerning his injury and treatment. (Resp. 16:4–21). For example, Defendants point to Grievance No. 20063097398, which is an Informal Grievance filed by Plaintiff concerning his injury and alleging that he was denied treatments by the medical board. (*See* Grievance History at 11, Ex. B to Resp.). Defendants denied Grievance No. 20063097398, and Plaintiff did not appeal that denial to the next level. (*Id.*). The Court agrees that Plaintiff's failure to appeal Grievance No. 20063097398 forecloses his ability to use that grievance as the basis for exhaustion. However, Defendants appear to have overlooked Grievance No. 20063109543, which Plaintiff successfully exhausted. (*See* Grievance History at 4–5, Ex. C to Resp.). Grievance No. 20063109543 is an Informal Grievance alleging that Defendants failed to respond to Plaintiff's requests for medical treatment. (*Id.*). Defendants denied Grievance No. 20063109543; Plaintiff appealed the denial to the First Level, which Defendants partially granted;[1] Plaintiff then appealed the partial grant to the Second Level. (*Id.*). Because Plaintiff completed all of the steps in the

---

[1] AR 740.05(2)(B)(2) provides: "A partial granting of a grievance is not to be interpreted as to denote that the request for investigation is granted . . . ."

grievance process for Grievance No. 20063109543, Plaintiff successfully exhausted administrative remedies. As such, Plaintiff's Motion for Preliminary Injunction cannot be denied for failure to exhaust under the PLRA.

### B. Likelihood of Success on the Merits

To be granted a preliminary injunction, Plaintiff must first show that he is likely to succeed on the merits of his claim by demonstrating deliberate indifference to a serious medical need. *See Farmer,* 511 U.S. at 828. The Court first assesses whether Plaintiff's medical condition is "serious." Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 2012); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *McGuckin*, and finding that an inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

Here, whether Plaintiff is suffering from a serious medical need is a largely disputed issue. Plaintiff states in his affidavit that he suffers daily severe pain from an unknown injury and that sometimes he cannot walk. (Leal Decl. ¶¶ 2–4, ECF No. 2). To the contrary, Defendants report that Plaintiff is malingering, and is either faking or greatly exaggerating his symptoms, because his claims are inconsistent with his physician's observations. (Grandos Decl. ¶¶ 14–29, Ex. D to Resp.). Specifically, medical records consistently note physicians' suspicions of malingering, Plaintiff's failure to adhere to prescribed treatment, and normal diagnostic tests. (*Id.*). In other words, Plaintiff's alleged medical condition presents a dispute of material fact, the resolution of which will determine whether Plaintiff's injury is real, but difficult to diagnose, or whether Plaintiff has not been able to receive a diagnosis because the injury is imagined.

However, the Court need not resolve this factual dispute between the parties. The Ninth Circuit has stated that, "in deciding a motion for preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). In fact, when a serious question exists as to whether the moving party is likely to succeed on the merits of their claim, district courts are "entitled to defer determination of the disputed question until further development of the record at trial." *Zoom Video Communications, Inc. v. Ringcentral, Inc.*, No. 21-15792, 2021 WL 4804962, at *1 (9th Cir. 2021). Accordingly, the Court declines to grant preliminary relief at this time because a serious question exists as to whether Plaintiff suffers from a serious medical need, and thus, Plaintiff cannot meet his burden to demonstrate a likelihood of success on the merits of his deliberate indifference claim. Further development of the record in this case will assist the fact finder in resolving the current dispute of material fact, making preliminary relief premature. *See Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters.*, No. 1:20cv425, 2020 WL 4227546, at *5 (M.D.N.C. July 23, 2020) ("At this preliminary stage and faced with difficult legal and factual questions on an undeveloped record, the court should not yet enjoin any activity . . . IWLCA may well show a likelihood of success on the merits in its motion for preliminary injunction with the benefit of a more well-developed evidentiary record through discovery.").

//
//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 2), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order, (ECF No. 3), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed, (ECF No. 20), is **GRANTED in part and DENIED in part**.[2]

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal, (ECF No. 15), is **GRANTED**.[3]

**DATED** this  5  day of May, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] Plaintiff filed this Motion to Proceed, which claims that Defendants failed to respond to the Motions for Preliminary Injunction and Temporary Restraining Order and asks the Court to "proceed with the motions as the defendants have essentially waived their opportunity to respond." (Mot. Proceed 2:16–19, ECF No. 20). The Motion also explains that if Defendants do eventually respond, Plaintiff will file a reply, but the reply will be late, which the Court construes as a request to extend time to file a reply. (*Id.* 2:13–14, 2:26–27). The Court denies Plaintiff's Motion to the extent that it asks the Court find that Defendants waived their opportunity to respond because Defendants did timely respond to the Motions for Preliminary Injunction and Temporary Restraining Order. (*See* Resp., ECF No. 14). However, the Court grants Plaintiff's Motion to the extent that it requests an extension of time to file a reply. As such, the Reply filed by Plaintiff at ECF No. 22 is timely.

[3] Defendants filed a Motion to Seal their Response to Plaintiff's Motion for Preliminary Injunction because the Response contains Plaintiff's confidential and sensitive medical information. (Mot. Seal 2:18–3:2, ECF No. 15). The Court finds that good cause exists to seal these documents and grants Defendants' Motion to Seal.