UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACK LEAL,<br><br>    Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No.  2:21-cv-01965-GMN-VCF<br><br>ORDER |

    This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 10.)  Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.[1]

    The Court entered a screening order on January 27, 2022. (ECF No. 11.)  The screening order imposed a stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 11, 19.)  The parties participated in multiple mediation sessions, but they did not reach settlement. (ECF Nos. 23, 33.)  Accordingly, the Court lifts the stay in this case.

    On May 6, 2022, Plaintiff filed a motion requesting a hearing on his previously filed motion for a preliminary injunction. (ECF No. 27.)  However, on May 5, 2022, The Court issued an order denying Plaintiff's motion for a preliminary injunction. (ECF No. 28.)  It appears that Plaintiff filed his motion before receiving the Court's order.  Because the Court has already ruled on the motion for a preliminary injunction, the Court denies Plaintiff's motion for a hearing as moot.

---

[1] Plaintiff did not submit a financial certificate or a copy of his trust fund account statement for the previous six-month period.  However, Plaintiff submitted an affidavit detailing his attempts to secure these documents, as well as a copy of his request that NDOC pay the $402 filing fee, which was denied because he only had $223.72 in his account. (ECF No. 10-1.)  The Court accepts these documents to support Plaintiff's application to proceed *in forma pauperis*.

1

On August 10, 2022, Plaintiff filed a motion requesting that he receive access to the Clark County Law Library. (ECF No. 31.)  Plaintiff indicates that Casa Grande Transitional Housing, where he is currently being housed, does not have a law library. (*Id.* at 2.)  Plaintiff asks that the Court order that he be given a movement pass and a bus pass to go to the Clark County Law Library. (*Id.*)

Plaintiff's motion does not include any details about why Plaintiff needs access to the Clark County Law Library.  Nor does the motion include any details about how often Plaintiff would like permission to go to the Clark County Law Library, or how long any such order should remain in effect.  This case has been stayed so that the parties could engage in mediation, and the next steps in the case will be service of process and an answer by any served Defendants, as discussed in more detail in this order.  As such, it does not appear that there is any immediate need for Plaintiff to access to the Clark County Law Library.  Accordingly, the Court denies the motion without prejudice.  If Plaintiff wishes to renew his request in the future, he should more clearly explain both his need for access to the law library and exactly what he would like the Court to order.

Finally, it appears that when Plaintiff filed his initial complaint on October 25, 2021, he included a motion for appointment of counsel. (ECF No. 34, 34-1.)  However, that motion was not uploaded to CM/ECF. (ECF No. 34-1.)  On September 6, 2022, Plaintiff resubmitted the motion for appointment of counsel. (*Id.*)  The Court will now address this motion.  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*.  "Neither of these considerations is dispositive and instead must be viewed

together." *Id*. In this case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff's claim that he suffered an unknown injury, and that the Defendants refused to provide him adequate medical care, is not especially complex. Thus far, Plaintiff has been able to articulate his claims and engage in the litigation process. As such, Court denies the motion for appointment of counsel without prejudice.

For the foregoing reasons, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Jack Leal, #1183500** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's amended complaint (ECF No. 9) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

///

6. Subject to the findings of the screening order (ECF No. 11), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint (ECF No. 9) within sixty (60) days from the date of this order.

9. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.

The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

10. This case is no longer stayed.

11. Plaintiff's motion for a hearing on his previously filed motion for a preliminary injunction (ECF No. 27) is denied as moot.

12. Plaintiff's motion for the Court to order that Plaintiff be given a movement pass and a bus pass to go to the Clark County Law Library (ECF No. 31) is denied without prejudice.

13. Plaintiff's motion for appointment of counsel (ECF No. 34) Is denied without prejudice.

DATED THIS 19 day of September 2022.

_____
Gloria M. Navarro, Judge
United States District Court