UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jack Leal, <br><br>    Plaintiff(s), <br><br> vs. <br><br> Nevada Department of Corrections, et al., <br><br>    Defendant(s). | 2:21-cv-01965-GMN-MDC <br><br> **Order** |

  Plaintiff Jack Leal filed a motion for leave to amend the complaint (ECF No. 80) and a proposed amended complaint (ECF No. 80-1). The Court grants the motion. Plaintiff has seven days to file the amended complaint on the docket.

 **I.**  **Background**

  Plaintiff Jack Leal is incarcerated and he initiated this case as a pro se litigant: plaintiff's complaint, which he drafted without counsel, is the operative complaint. ECF No. 9. Plaintiff sues multiple defendants for alleged failure to provide medical treatment while incarcerated at Nevada Department of Corrections. Plaintiff is now represented by court appointed counsel at the federal public defender's office. ECF No. 46. Plaintiff timely filed the motion for leave to amend. See ECF Nos. 79 and 80.

  Plaintiff argues in his motion for leave to amend that his new counsel has diligently reviewed discovery records with the aim of preparing an amended complaint. ECF No. 80 at 2. In the operative pro se complaint, Leal had identified as "John/Jane Does" several then unknown defendants involved in his medical care, including specifically the persons on the Utilization Review Committee (URC) involved in the decision to deny him an MRI referral. ECF 9. Plaintiff argues that the newly reviewed records have enabled him to identify those persons, who are now named as defendants in the amended complaint. ECF No. 80. Leal argues in the motion to amend that his claim and cause of action has not

changed, that this remains a lawsuit alleging a claim of deliberate indifference, in violation of the Eighth Amendment to the United States Constitution, based on defendants continuing refusal to diagnose and treat Leal's injury. *Id.* Plaintiff argues that his amended complaint only clarifies some of the facts, including removing some of the defendants. *Id.* The defendants argue in opposition that plaintiffs' motion for leave to amend should be denied because it is futile. ECF No. 83. The plaintiff argues in his reply that he diligently sought leave to amend after he learned the names of the individuals involved and the new facts. ECF No. 86.

## II.     Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

The Court finds that there is no bad faith here. Plaintiff is in prison and initiated this case pro se. He now has appointed counsel to help review discovery and evidence in this case. The good faith factor weighs in plaintiff's favor. Plaintiff also diligently sought leave to amend after learning new facts during

discovery. He also timely filed his motion for leave to amend. ECF Nos. 79 and 80. The defendants will not be prejudiced by the amendment because both the new factual allegations and the allegations regarding the new defendants are closely related to the claims in the original complaint. The defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claims and the allegations against the new defendants are reasonably related to plaintiff's original claims. Plaintiff has shown good cause to amend the complaint.

DATED this 26th day of January 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge