UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACK LEAL,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>NEVADA DEP'T OF CORRECTIONS, *et al.*,<br><br>　　　　　　　Defendants. | Case No.: 2:21-cv-01965-GMN-MDC<br><br>**ORDER DENYING MOTION FOR STAY OF CASE** |

Pending before the Court is the Motion for Stay of Case pending resolution of Defendants' interlocutory appeal, (ECF No. 100), filed by Defendants Kim Adamson, Terence Agustin, Carlos Calderon, Ted Hanf, William Hutchings, Henry Landsman, Michael Minev, Martin Naughton, Rene Pena, Francisco Sanchez, and Lorenzo Villegas (collectively "Defendants").  Plaintiff Jack Leal filed a Response, (ECF No. 101), and Defendants filed a Reply, (ECF No. 102).  For the reasons discussed below, the Court **DENIES** Defendants' Motion for Stay.

I. **BACKGROUND**

This case arises from Defendants' alleged deliberate indifference to Plaintiff's serious medical needs while he was incarcerated at Southern Desert Correctional Center. (*See generally* Second Amended Complaint ("SAC"), ECF No. 89).  Defendants are individuals employed as physicians by the Nevada Department of Corrections ("NDOC") or served on NDOC's Utilization Review Committee[1] during Plaintiff's incarceration. (*Id.* ¶¶ 7– 20).

---

[1] The URC is a prison body that decides whether inmates should be sent to outside medical providers for treatment. (*Id.* ¶ 33).  The URC is composed of NDOC institutional practitioners and the NDOC medical director. (*Id.*).

1  This Court issued an Order denying Defendants' Motion to Dismiss, (ECF No. 95) including a denial of qualified immunity. Defendants subsequently filed an interlocutory appeal, (ECF No. 97), of the Order denying qualified immunity. Defendants filed the present Motion, seeking a stay of case pending resolution of their interlocutory appeal.

## II. LEGAL STANDARD

The Court has the discretion "to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When deciding whether to issue a stay, the court must weigh competing interests including: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55) (the "*Landis* factors"). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## III. DISCUSSION

Defendants move to stay the entire action, (Mot. Stay 1:20–26, ECF No. 100), and Plaintiff opposes a stay, (*see generally* Resp., ECF No. 101).

### A. Whether this Court is Divested of Jurisdiction

Defendants first contend that their interlocutory appeal divests this Court of jurisdiction over the entire case until the appeal is decided. (Mot. Stay 3:11–18). Defendants rely upon the general proposition that a district court is divested of jurisdiction by the filing of a notice of

appeal of an interlocutory claim. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Defendants argue that this principal is particularly important in the context of this litigation because qualified immunity is designed to avoid burdening public officials with undue litigation. *Behrens v. Pelletier*, 516 U.S. 299 (1996); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Defendants rely on *Chuman*, which states that an "interlocutory claim [of qualified immunity] is immediately appealable, [and] its filing divests the district court of jurisdiction to *proceed with trial*" unless the district court certifies in writing that a "defendants claim of qualified immunity is frivolous or has been waived." 960 F.2d at 105 (emphasis added). Importantly, the court in *Chuman* was analyzing an interlocutory appeal following the denial of a motion for summary judgment and trial was looming.  Whereas in this case, Defendants are appealing the denial of a motion to dismiss.  Discovery has not yet concluded in this case and no trial date has been set.  Defendants do not present any case law that holds that this Court is divested of jurisdiction prior to the motion for summary judgment stage.  Thus, the Court does not agree with Defendants that their interlocutory appeal based on the denial of qualified immunity automatically divests this Court of jurisdiction absent a written certification that the qualified immunity claim is frivolous at this stage in the proceedings.

### B.  Whether Landis Factors are Met

Defendants' alternative argument is that the Court should stay the case based on the *Landis* factors.  But upon review of the *Landis* factors, the Court does not find the requested stay warranted.  As to the first and second factors, Defendants argue that Plaintiff would suffer no damage if the stay were granted because he only recently chose to amend his complaint. (Mot. Stay 3:24–25).  On the other hand, Plaintiff argues that a stay "will present more than a fair possibility of damage in this case, given the real possibility that the documents sought in the Requests for Production might be lost and memories will further fade before [interrogatories] can be answered." (Resp. 15:25–16:2).  Under *Landis*, "the suppliant for a stay

must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. Defendants have not made out a clear case of hardship and only argue that they would suffer severe damage "if discovery were to commence" because "qualified immunity is immunity from suit, and any requirement to engage in discovery at this point would effectively deny Defendants that immunity" and deny them of "due process." (Mot. Stay 3:26–4:1; 4:6–8). However, discovery has already commenced, and was being conducted even after Plaintiff filed his second amended complaint.[2] Moreover, Plaintiffs argue that there is only a "relatively small amount of discovery sought to be completed."[3] (Resp. 15:18–19). Thus, these factors do not weigh in favor of granting a stay.

As to the last factor, Defendants argue that "granting a stay would simplify the case" because if they are successful in their appeal, "the case would be resolved in its entirety." (Mot. Stay 4:9–1). While Plaintiff alleges that "the likely effect of any stay is that it would delay the orderly resolution of this case." The Court agrees with Plaintiff that a stay would only delay the resolution of this case. Defendants did not present a clear showing of being entitled to qualified immunity at the motion to dismiss stage and this Court's position that Plaintiff overcomes Defendants' assertion of qualified immunity remains unchanged. Defendants have not sufficiently demonstrated how the third *Landis* factor tips in their favor and it is their burden to do so.

The Court finds that Defendant has failed to establish its need for a stay of the case. Accordingly, the Court DENIES Defendants' Motion for Stay of Case.

---

[2] (*See* Fifth Stipulation, ECF No. 92)

[3] Plaintiffs also explain that "[i]nsofar as Defendants are concerned about responding to such requests while also pursuing the appeal they have elected to file, Plaintiff's counsel will represent, as they have before, that they are always amenable to agreeing to reasonable extensions of deadlines based on opposing counsel's workload, and will be considerate of other schedules and responsibilities in seeking the scheduling of depositions." (Resp. 15:20–25).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay of Case pending resolution of Defendants' interlocutory appeal, (ECF No. 100), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall submit a new revised discovery scheduling order to be reviewed by the Magistrate Judge no later than 21 days from the date of this Order.

**DATED** this 18 day of November, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT